**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MICHELL T. BUCHANAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 C 4951 |
| | ) |
| **COOK COUNTY, d/b/a Cook County** | ) Judge Rebecca R. Pallmeyer |
| **Department of Building and Zoning; and** | ) |
| **DONALD WLODARSKI, an Individual,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On September 8, 2010, Plaintiff Michell Buchanan filed a charge in which she alleged that her employer, the Cook County Department of Building and Zoning, discriminated against her on the basis of race and retaliated for a previous grievance when the Department imposed a three-day disciplinary suspension. After a right-to-sue letter issued, Ms. Buchanan filed a *pro se* complaint this court, alleging that she had been suspended on the basis of her race and in retaliation for having filed a union grievance, and that Defendant failed to promote her on the basis of race. Judge Manning of this court appointed counsel to represent Ms. Buchanan, and through counsel she has filed an amended complaint amplifying these claims. The amended complaint [14], filed on September 27, 2012, names both Cook County and Plaintiff's supervisor, Donald Wlodarski, as Defendants, and includes ten counts: Counts I and II, against Cook County, allege race discrimination and retaliation in violation of Title VII of the Civil Rights Act. Counts III and IV are claims of race discrimination in violation of 42 U.S.C. § 1981 against Cook County and Wlodarski. Counts V and VI, also brought under § 1981, allege retaliation against Cook County and Wlodarski. Counts VII and VIII allege a failure to promote on the basis of race, in violation of 42 U.S.C. § 1983, against both Defendants. Counts IX and X, also brought under 42 U.S.C. § 1983, allege retaliation

against both Defendants. Cook County and Wlodarski have moved to dismiss all of these counts for various reasons. For the reasons stated here, the motion is granted.

## DISCUSSION

I.  **Title VII Claims**

Counts I and II are brought under Title VII. Plaintiff alleges that Defendants failed to promote Plaintiff on the basis of her race, black (Count I) and subjected her to unfair discipline in retaliation for her protected activity (Count II). Defendants have moved to dismiss both counts as beyond the scope of the underlying charge of discrimination that Plaintiff filed with the EEOC.

As a general rule, a plaintiff may raise in a federal complaint only those claims that were first presented in her underlying charge of discrimination. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). For a claim to fall within the scope of an EEOC charge, the claim must be "like or reasonably related" to the allegations in that charge or reasonably likely to be part of the EEOC investigation. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976). In determining whether this test is met, the court considers whether the charge and the complaint "at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis original).

The EEOC charge filed by Plaintiff in this case makes no mention of a failure to promote her. It identifies a single discrete adverse action–a three-day suspension imposed on August 25, 2010—and alleges that the suspension was a product of discrimination on the basis of Plaintiff's race and of retaliation for a grievance Plaintiff filed in July 2010 "opposing that which I reasonably and in good faith believed to be unlawful discrimination based on my race." (EEOC Charge, Ex. A to Amended Complaint [14-10].) Plaintiff correctly notes that there are circumstances in which claims not specifically mentioned in an underlying charge are nevertheless actionable because they are "like or reasonably related" to the underlying charge. As the case law Plaintiff herself cites

shows, however, those circumstances do not encompass this situation, where Plaintiff complained of one discrete act (her suspension) but made no mention of another form of alleged wrongdoing (failure to promote her).  *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 716 (7th Cir. 2006) (overrul "ed in part on other grounds) (dismissing promotion, accommodation, and retaliation claims not mentioned in underlying charge of termination based on religion).  The principle is illustrated well in *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000), where the Court of Appeals affirmed dismissal of a complaint alleging discriminatory suspension because the underlying charge presented only a claim of discriminatory failure to promote.

Plaintiff suggests her failure-to-promote claim should nevertheless be considered by the court because failure-to-promote allegations "would have been expected to be explored during the course of the administrative agency's investigation" of the suspension claims.  (Plaintiff's Response Brief [42], at 4.)  Assuming such a showing would be sufficient, by itself, the court is not persuaded it can be made here.  Plaintiff's complaint is notably silent as to the dates and circumstances of Defendants' decision[s] not to promote her.  It is not at all clear that, in the course of investigating the suspension Plaintiff presented in her charge, the EEOC would have investigated a failure to promote that may have occurred months before or after that suspension.

Count I is dismissed as beyond the scope of the underlying charge.

Defendant characterizes Count II as a failure to promote claim, as well.  (Defendants' Memorandum in Support of Motion to Dismiss [26], at 4.)  As the court reads those allegations, however, they challenge "disciplinary action" against Buchanan as a retaliatory response to her protected activity.  (Amended Complaint [14] ¶ 16.)  The court presumes this is a reference to the suspension identified in the underlying charge.  For reasons discussed more fully below, the court concludes Plaintiff has not alleged that she engaged in protected activity under the civil rights laws; but Defendants' objection to Count II as beyond the scope of the EEOC charge is overruled.

3

II. **Section 1981**

   A. **Failure to Promote**

Plaintiff may proceed on race discrimination claims under 42 U.S.C. § 1981 even if she did not present them first to the EEOC. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 539 (7th Cir.2007). Counts III and IV allege that Defendants failed to promote Plaintiff in violation of § 1981. Defendants have moved to dismiss this claim on a variety of grounds, including an argument that Plaintiff has not made allegations sufficient to support a *Monell* claim against Cook County. When a § 1981 claim is brought against a municipal corporation, the standards in *Monell* and its progeny apply. *See Jett v. Dallas Independent Sch. Dist.*, 491 U.S. 701, 731-34 (1989) (holding that § 1983 is the exclusive remedy in a damages suit against state actor for § 1981 violations and that *Monell* applies); *Smith v. Chicago Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1148 (7th Cir.1999) ("recovery against a governmental body under § 1981 may not be based on respondeat superior. The plaintiff must show that the body's official policy or custom was discriminatory"). In suggesting that the *Monell* test is met, Plaintiff notes only that Defendant Wlodarski was Commissioner of the County Department of Zoning, where she worked at the time of the alleged wrongdoing. The fact that Wlodarski had power to hire, fire or discipline Plaintiff does not, by itself, establish that his decisions constitute municipal policy. *Venters v. City of Delphi*, 123 F.3d 956. 966 (7th Cir. 1997).

Plaintiff argues that his allegations are nevertheless sufficient at this stage, where all reasonable inferences must be drawn in her favor. Indeed, information establishing Wlodarski's status as final policymaker would presumably be unearthed in discovery. And, the merits of the *Monell* argument aside, it would not afford a basis for dismissal of Defendant Wlodarski himself, named in Count IV. Under § 1981, as opposed to Title VII, an individual who was involved in a decision that violates the statute may be held liable. *See Smith v. Bray*, 681 F.3d 888, 896 n.2 (7th Cir.2012); *cf. Alexander v. Wisc. Dep't of Health & Family Servs.*, 263 F.3d 673, 683–84 (7th Cir.

4

2001) (individual defendants who were not "involved in any capacity" in the alleged adverse action are not liable under § 1981).

The court nevertheless concludes that both Counts III and IV are insufficient in their current form. Contemporary pleading standards require that Plaintiff provide enough detail to raise her right to relief about the "speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff's complaint offers no detail at all sufficient to determine whether that test has been met. She alleges only that "[d]uring this time [that is, at all times relevant], similarly situated, although less qualified, Non African American employees within the Department of Zoning were promoted instead of Buchanan." (Amended Complaint [14] ¶ 12.) Absent is any indication of what specific positions the more-favorably-treated employees received, when they were promoted, or by whom. Nor has Plaintiff offered any basis for her conclusion that the unidentified individuals who did receive promotions were less qualified. Without such information, Defendants will not be able to answer or even investigate Plaintiff's allegations in any meaningful way. Counts III and IV are dismissed.

**B.    Retaliation**

Section 1981 prohibits retaliation as well as race discrimination, and methods for proving a Title VII retaliation claim are applicable to a retaliation claim under § 1981 as well. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403-04 (7th Cir. 2007), citing *Alexander*, 263 F.3d at 682. Counts V and VI allege retaliation in violation of § 1981, but each count consists of nothing more than a sentence incorporating Plaintiff's previous allegations that Defendants imposed discipline in retaliation for Plaintiff's union grievance. The grievance itself makes no specific reference to race discrimination. It alleges that "The employer has violated Job Classification, Article V.1 & 2, Article XIII section 1 and all other relevant sections of the CBA" and asks that the employer provide all information "relied upon in bringing the Department to the conclusion to pay employees a

substantial difference in pay when doing the same work as other employees." Grievance Report Form, Ex. C to Amended Complaint [14], at 15. As relief, the grievance requests that the employer

> [p]ay all employees wages that are applicable to the work being performed. Move Ms. Buchanan to the title and pay grade that is appropriated [sic] for the work she is performing. Make all members whole from the time the [sic] she was performing work outside of her title.

*Id.* Defendants acknowledge that the section of the Collective Bargaining Agreement provision cited in the grievance (Article XIII section 1) broadly prohibits discrimination. The provision includes a laundry list of prohibited forms of discrimination, however.[1] The fact that Plaintiff's grievance makes a generic reference to the provision is not sufficient to characterize the grievance as protected activity for purposes of a retaliation claim, Defendants urge. As they observe, the grievance's reference to the collective bargaining agreement's "No Discrimination" clause is no more than a "general complaint of discrimination that fails to indicate a connection to a protected class pursuant to Title VII or Section 1981." (Defendants' Reply [43] at 14.)

The case law supports Defendants' contention. A general complaint that makes no mention of the specific form of discrimination is insufficient to support a retaliation claim. For example, in *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006), the court observed that an internal grievance alleging "'discriminatory treatment with respect to [plaintiff's] pay'" coudl not form

---

[1] Article XIII, Section 13.1 is titled "No Discrimination" and reads, in full:

> The County and the Union agree that neither shall discriminate in employment by reason of race, color, religion, national origin, ancestry, political belief or activity, age, sex, sexual orientation, military discharge, marital status, disability, parental status or activity on behalf of the Union. It is the policy of the County that applicants for employment and promotion are recruited, selected, and hired on the basis of individual merit and ability with respect to positions being filled and potential for promotions or transfer which may be expected to develop.

Collective Bargaining Agreement Between Service Employees International Union (SEIU) (Local 73) and County of Cook, Exhibit 1 to Plaintiff's Response [42-1] at 20-21.

6

the predicate for a retaliation claim because it did not identify the basis of the alleged discrimination. "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Id.* *See also Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (affirming summary judgment on plaintiff's retaliation claim where plaintiff had "complained only that she felt picked on, not that she was discriminated against 'because of' sex or gender"); *Andonissamy v.Hewlett-Packard Co.*, 547 F. 3d 841, 851 (7th Cir.2008) (affirming summary judgment on retaliation claims where e-mail message containing a "litany of complaints" about plaintiff's working conditions presented "nothing that a reader would interpret as a complaint of national origin discrimination"); *Northington v. H & M Intern.,* 712 F.3d 1062 (7th Cir. 2013) ("Vague and obscure 'complaints'" about harassment arising from a personal conflict unrelated to race or gender "do not constitute protected activity."); *Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2012 WL 1204366, *7 (N.D. Ill. Apr. 11, 2012) (general complaints of unfair treatment and harassment, without mention of race, insufficient).

The cited cases were decided at the summary judgment stage. At least one district court has reached a similar conclusion on a Rule 12(b)(6) motion, as well. *See Mattern v. Panduit Corp.*, No. 11 C 984, 2011 WL 4889091, *7 (N.D. Ill. Oct. 11, 2011) (dismissing retaliation claims where the purported protected activity consisted of a complaint of harassment without mention of sex as the reason). In any case, in response to this motion, Plaintiff has not argued that further factual development would demonstrate that Defendant Wlodarski (or any County decision-maker) understood and interpreted her union grievance as a complaint about race discrimination, as opposed to any other form of unfair treatment. Her allegations are insufficient to establish that she engaged in protected activity. Counts V and VI are dismissed.[2]

---

[2] In light of this conclusion, the court need not reach Defendants' remaining
(continued...)

### III. Section 1983

#### A. Failure to Promote

Plaintiff's remaining claims require only brief discussion. Counts VII and VIII allege a failure to promote on the basis of race. The court is uncertain how this claim differs, if at all, from the failure to promote claim brought pursuant to § 1981, but as noted, § 1983 provides the appropriate procedural vehicle for bringing a substantive § 1981 claim against a municipal defendant. Assuming this claim is independent of the one asserted in Counts III and IV, the court dismisses it for the same reason discussed above: absent any details about the date(s) on which Plaintiff was denied promotion(s), the nature of the positions she sought, the qualifications of the successful candidate(s) or the identity of the decision-maker(s), Defendants can neither investigate nor answer these allegations. Even under generous pleading standards, these claims must be dismissed.

#### B. Retaliation

Finally, Counts IX and X invoke 42 U.S.C. § 1983 and allege that Defendants retaliated against Plaintiff for protected activity. Defendants have interpreted these allegations as a claim under the First Amendment—that Plaintiff was disciplined for her speech on a matter of public concern. (Defendants' Memorandum [26] at 8-9.) This interpretation is a reasonable one, as it suggests a distinction between these counts and the claims asserted in Counts V and VI. As Defendants note in their reply brief, Plaintiff has not responded to that argument. (Defendants' Reply [43] at 11.) To the extent Plaintiff does attempt to make such a speech claim in Counts IX and X, the court agrees with Defendants that her grievance, which seeks relief for what she deems unfair pay, relates to her personal circumstances, not to a matter of public concern. To the extent

---

[2](...continued)
arguments, including their contention that Plaintiff has not alleged that Wlodarski was aware of her protected activity, and that any claim of retaliation that rests on a union grievance is preempted by the Illinois Public Labor Relations Act, 5 ILCS 315/1 *et seq*.

she instead simply intends to invoke § 1983 as a basis for her retaliation claims, the allegations are insufficient, for the reasons discussed earlier, to establish that her grievance constitutes protected activity.

## **CONCLUSION**

Defendants' motion to dismiss [25] is granted. The amended complaint is dismissed without prejudice. Plaintiff has leave to file an amended complaint within 21 days. Status conference is set for July 10, 2013 at 9:00 AM. Parties are encouraged to discuss the possibility of settlement.

ENTER:

Dated: June 12, 2013

_____
REBECCA R. PALLMEYER
United States District Judge